WILLIAM K. HARRINGTON
United States Trustee for Region 2
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408     **HEARING DATE: August 29, 2023**
Telephone: (212) 510–0500     **HEARING TIME: 10:00 AM**
By: Greg M. Zipes
Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Case No. 23-10423 (DSJ) |
| 9th & 10th Street L.L.C., | (Chapter 11) |
| Debtor. | |

PLEASE TAKE NOTICE that upon this Notice of Motion and the accompanying memorandum of law and the declaration of Valentina Vlasova, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable David S. Jones, Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New York, NY 10004 on **August 29, 2023, at 10:00 AM**, or as soon thereafter as counsel can be heard, for an order converting the case to one under chapter 7 of the Bankruptcy Code or dismissing this chapter 11 case, and for such other and further relief as this Court may deem just and proper. **Participants are required to register their appearance by 4:00 PM the day before any scheduled Zoom® hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl**. The original application is on file with the Clerk of the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, at One Bowling Green, New York, New York 10004, to the attention of Greg M. Zipes, Esq., no later than seven (7) days prior to the return date set forth above. Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose

1

behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated:   New York, New York
        July 24, 2023

                                      WILLIAM K. HARRINGTON
                                      UNITED STATES TRUSTEE

                       ***By:***    <u>*/s/ Greg M. Zipes*</u>
                                  Greg M. Zipes, Esq.
                                  Office of the United States Trustee
                                  Alexander Hamilton Custom House
                                  One Bowling Green, Room 534
                                  New York, New York 10004

WILLIAM K. HARRINGTON
United States Trustee for Region 2
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
Telephone: (212) 510–0500
By:   Greg M. Zipes
       Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re

9th & 10th Street, L.L.C.,

        Debtor.

---------------------------------------------------------x

Case No. 22-11387 (JLG)

Chapter 11

TO:   THE HONORABLE DAVID S. JONES,
       UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby moves for an order converting or dismissing the case of 9th & 10th Street, L.L.C. (the "Debtor"). In support of this motion, the United States Trustee represents as follows:

## PRELIMINARY STATEMENT

The Debtor owns vacant property, and the Debtor appears to be incapable of paying for basic maintenance of the property, such as insurance and taxes. The Debtor has also not filed any monthly operating reports, even though the Debtor filed for bankruptcy relief in March 2023. The Debtor's recently filed amended plan reveals that any exit funding is contingent. The Debtor appears to have no prospect of rehabilitation. There is no purpose in remaining in Chapter 11, and the case should be converted to one under Chapter 7 or dismissed.

## FACTUAL BACKGROUND

1. On March 21, 2023 (the "Filing Date"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code (the "Petition"). ECF No. 1.

2. On April 4, 2023, among other things, the Debtor filed schedules and the statement of financial affairs. ECF No. 10.

3. On July 14, 2023, the Debtor filed a disclosure statement (the "Disclosure Statement") and amended plan (the "Plan"). ECF Nos. 35 and 36.

4. As recited in the Disclosure Statement, the Debtor owns a 5-story, 152,075 rentable square feet historic property (the "Property") which operated as a public elementary school (P.S. 64) from 1907 to 1977. The Debtor purchased the Property from the City of New York (the "City") at a public auction in 1998, which sale closed on July 21, 1999. *See* Vlasova Decl. Ex. A (Disclosure Statement) at 3.

5. The Debtor, as borrower, is a party to a Consolidated, Amended and Restated Note dated April 21, 2016, with 350 East 10th Street LLC, as lender ("Lender") in the principal amount of $44,000,000 (the "Note"). *Id.* at 7.

6. The Note consolidated prior secured mortgage debt on the Property in the amount of $27,850,000 which was assigned to Lender, with a new mortgage loan entered into with Lender in the amount of $16,150,000. The Note is secured by a senior mortgage on the Property pursuant to an Agreement of Spreader, Consolidation and Modification of Mortgage dated April 21, 2016, and recorded on June 16, 2016. The Debtor defaulted under the terms of the Note on or about January 1, 2018. *Id*. at 7-8.

7. "It is important to note that as of the date of this Disclosure Statement, the Debtor has not satisfied the condition of financing, which is the issuance of a building permit

for the Property." *Id.* at 17.

8. The Debtor's commercial insurance expired on July 16, 2023. Although the Debtor has assured the United States Trustee that the Debtor's principal would renew the insurance, the Debtor has not provided the United States Trustee with proof. *See* Vlasova Decl. at ¶ 3.

## ARGUMENT

Section 1112(b)(1) provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause …." Under Section 1112(b), once the Court finds cause, the only scenarios where case may not be dismissed or converted are (i) the Court finds appointing a trustee or examiner is the best interest of creditors and estate, *see* 1112(b)(1); or (ii) the debtor is able to show unusual circumstances, there is a reasonable likelihood a plan can be confirmed within a reasonable time, and the grounds for dismissal or conversion are the types described in 1112(b)(2)(B).

Section 1112(b)(4) lists sixteen enumerated causes for conversion or dismissal, however such list is not exhaustive. *See In re BH S&B Holdings*, LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010) (stating that the sixteen examples of events that may constitute cause in §1112(b)(4) are "'not exhaustive' and courts are free to consider other factors"); *In re AdBrite Corp.*, 290 B.R. 209, 216 (Bankr. S.D.N.Y. 2003) ("A finding of cause is not limited to the grounds stated in § 1112(b)"). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. *In re The 1031 Tax Group, LLC*, 347 B.R. 78, 93 (Bankr. S.D.N.Y. 2007).

3

A. **The Estate Is Likely Suffering Continuing Loss and the Debtor Lacks a Reasonable Likelihood of Rehabilitation.**

Causes for dismissal or conversion include "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). The purpose of this ground is "to prevent the debtor-in-possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation." *In re AdBrite Corp*., 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003). "Courts have held that a negative cash flow postpetition and an inability to pay current expenses satisfy the elements of § 1112(b)(1)." *Id.* The debtor lacks a reasonable likelihood of rehabilitation where the debtor lacks reasonably certain source of income. *In re Continental Holdings, Inc.,* 170 B.R. 919, 931 (Bankr. N.D. Ohio 1994). "The purpose of Chapter 11 reorganization is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state; [i]f there is not a potentially viable business in place worthy of protection and rehabilitation, the Chapter 11 effort has lost its *raison d'être*." *In re Winshall Settlor's Trust*, 758 F.2d 1136, 1137 (6th Cir. 1985).

Here, since the Debtor has not filed any operating report since the Filing Date, there is no information regarding the Debtor's post-petition operations. However, it appears the Debtor has a negative cash flow. Based on emails between the United States Trustee and the Debtor, the Debtor may in fact have allowed the Property's commercial insurance to lapse. *See* Vlasova Decl. at ¶ 3. The Debtor acknowledged that it has not been paying post-petition taxes. *See* Vlasova Decl. at ¶ 4.

Moreover, since the Property appears to be the Debtor's only source that could generate income, the lack of rental and other business activities shows the Debtor's

4

inability to rehabilitate itself and thus defeats the purpose of staying in Chapter 11. The Debtor has filed a Disclosure Statement, but acknowledges that the Debtor "has not satisfied the condition of financing, which is the issuance of a building permit for the Property." *See* Vlasova Decl. Ex. A. The United States Trustee respectfully submits cause under section 1112(b)(4)(A) exists.

### B. The Debtor Lacks Proper Insurance for Estate's Property

Another enumerated cause is the "failure to maintain appropriate insurance that poses a risk to the estate or to the public." 11 U.S.C. 1112(b)(4)(C). Property insurance protecting the Property is critically important as the Property is the only substantial asset of the Debtor. The apparent lack of insurance poses a risk to the estate as the estate's only property is not protected. The United States Trustee respectfully submits that cause under section 1112(b)(4)(C) exists.

### C. The Debtor Failed to File Any Monthly Operating Report Since Petition Filing Date

A debtor's "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" is a cause for dismissal or conversion. 11 U.S.C. 1112(b)(4)(F). "The failure to file monthly operating statements as required by the Local Rules of the Bankruptcy Court and the United States Trustee's Operating Guidelines, whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of Chapter 11 proceedings. *In re Roma Grp., Inc.*, 165 B.R. 779, 780 (S.D.N.Y. 1994). "Timely and accurate financial disclosure is the lifeblood of the Chapter 11 process[;] Monthly operating reports are much more than busy work imposed upon a Chapter 11 debtor for no reason other than to require it to do something[;] They are the means by which creditors can monitor a debtor's post-petition

5

operations." *In re Tornheim,* 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995). Here, the Debtor has not filed any monthly operating report since the Filing Date. *See* Vlasova Decl. at ¶ 2.

## **CONCLUSION**

Wherefore, the United States Trustee respectfully requests that the Court enter an order converting this case to one under Chapter 7 or dismissing this Chapter 11 case and granting such other relief as is just and proper.

Dated:   New York, New York
         July 24, 2023

                                    WILLIAM K. HARRINGTON
                                    UNITED STATES TRUSTEE

                        **By:**    */s/ Greg M. Zipes*
                                    Greg M. Zipes, Esq.
                                    Office of the United States Trustee
                                    Alexander Hamilton Custom House
                                    One Bowling Green, Room 534
                                    New York, New York 10004
                                    Tel. (212) 510-0500